IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 3:21-CR-78-TAV-HBG |
| JORGE LUIS DOUGLAS, JR., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendant's Unopposed Motion to Continue Motion Deadline and Trial [Doc. 16], filed on October 27, 2021. The Defendant asks the Court to continue the December 7, 2021 trial date, because counsel needs additional time to receive potential discovery that defense counsel has requested from the Government. Defense counsel needs to receive and review this discovery to evaluate the need for pretrial motions and to advise Defendant on the best resolution of the case. The motion relates that the Defendant understands all time is excludable under the Speedy Trial Act and that the Government does not oppose the requested continuance. The parties have conferred with Chambers and agreed on a new trial date of February 15, 2022.

The Court finds Defendant Douglas's motion to continue the trial and pretrial deadlines is unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Based upon the representations in the motion, defense counsel needs

additional time to receive and review discovery, evaluate the need for pretrial motions, and confer with Defendant on trial strategy, trial preparations, and the best resolution of the case. The Court finds these trial preparations cannot be concluded by the December 7 trial date or in less than three and one-half months. Thus, the Court concludes that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The motion to continue the trial and schedule [**Doc. 16**] is **GRANTED**. The trial of this case is reset to **February 15, 2022**. The Court finds that all the time between the filing of the motion on October 27, 2021, and the new trial date of February 15, 2022, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) Unopposed Motion to Continue Motion Deadline and Trial [**Doc. 16**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **February 15, 2022**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **October 27, 2021**, and the new trial date of **February 15, 2022**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **December 3, 2021**. Responses to motions are due on or before **December 17, 2021**;

(5) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 14, 2022**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **January 18, 2022, at 11:00 a.m.**;

(7) The deadline for filing motions *in limine* is **January 31, 2022**; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **February 4, 2022**.

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge